**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Melissa Randall** and **Kristina Wenzler**,<br><br>Plaintiffs,<br><br>v.<br><br>**PDW Productions, LLC**, an Arizona Limited Liability Company, **Sooper Hoopers, LLC**, an Arizona Limited Liability Company, **Dana Fischer and John Doe Fischer,** a married couple, and **Anton Fischer and Jane Doe Fischer**, a married couple<br><br>Defendants. | No. _____<br><br>**COMPLAINT** |

Plaintiffs, Melissa Randall ("Plaintiff Randall") and Kristina Wenzler ("Plaintiff Wenzler") (collectively "Plaintiffs"), sue the Defendants, PDW Productions, LLC ("Defendant PDW"), Sooper Hoopers, LLC ("Defendant Hoopers"), Dana Fischer and John Doe Fischer, and Anton Fischer and Jane Doe Fischer (collectively "Defendants") and allege as follows:

## **PRELIMINARY STATEMENT**

1.      This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq,

and the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") title 23, chapter 8.

2.    The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

3.    The Arizona Minimum Wage Act, A.R.S § 23-363, establishes a minimum wage within the State of Arizona.

**JURISDICTION AND VENUE**

4.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

## PARTIES

6.     At all material times, Plaintiff Randall is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

7.     At all material times, Plaintiff Wenzler is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8.     At all material times, Defendant PDW Productions, LLC was a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant PDW Productions, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9.     At all relevant times, Plaintiffs were employees of Defendant PDW.  At all relevant times, Defendant PDW, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' employment with Defendants.  In any event, at all relevant times, Defendant PDW was an employer subject to the Fair Labor Standards Act (FLSA) and employed Plaintiffs.

10.     Defendant PDW was an employer under the FLSA.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendant PDW had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

the rate and method of payment, and maintained employment records in connection with Plaintiffs' employment with Defendants.  As a person who acted in the interest of PDW Productions, LLC in relation to the company's employees, Defendant PDW is subject to liability under the FLSA.

11.    At all material times, Defendant Hoopers was a limited liability company duly licensed to transact business in the State of Arizona.  At all material time, Defendant Hoopers does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

12.    At all relevant times, Plaintiffs were employees of Defendant Hoopers.  At all relevant times, Defendant Hoopers, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' employment with Defendants.  In any event, at all relevant times, Defendant Hoopers was an employer subject to the Fair Labor Standards Act (FLSA) and employed Plaintiffs.

13.    Defendant Hoopers was an employer under the FLSA.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendant Hoopers had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' employment with Defendants.  As a person who acted in the interest of

Defendants in relation to the company's employees, Defendant Hoopers is subject to liability under the FLSA.

14.     Defendants Dana Fischer and John Doe Fischer are, upon information and belief, husband and wife.  They have caused events to take place giving rise to this action as to which their marital community is fully liable.  Defendants Dana Fischer and John Doe Fischer are the owners of Defendant PDW and Defendant Hoopers and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

15.     Under the FLSA, Defendants Dana Fischer and John Doe Fischer are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendants Dana Fischer and John Doe Fischer are the owners of Defendant PDW and Defendant Hoopers.  They had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Dana Fischer and John Doe Fischer are subject to individual liability under the FLSA.

16.     Defendants Anton Fischer and Jane Doe Fischer are, upon information and belief, husband and wife.  They have caused events to take place giving rise to this action as to which their marital community is fully liable.  Defendants Anton Fischer and Jane Doe Fischer are the owners of Defendant PDW and Defendant Hoopers and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

17.     Under the FLSA, Defendants Anton Fischer and Jane Doe Fischer are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendants Anton Fischer and Jane Doe Fischer are the owners of Defendant PDW and Defendant Hoopers.  They had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Anton Fischer and John Doe Fischer are subject to individual liability under the FLSA.

18.     Plaintiffs are further informed, believe, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

19.     Defendants, and each of them, are sued in both their individual and corporate capacities.

20.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs.

21.     At all relevant times, Plaintiffs were "employees" of PDW Productions, LLC, Sooper Hoopers, LLC, Dana Fischer and John Doe Fischer, and Anton Fischer and Jane Doe Fischer as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

22.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to PDW Productions, LLC, Sooper Hoopers, LLC, Dana Fischer and John Doe Fischer, and Anton Fischer and Jane Doe Fischer.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

23. At all relevant times, PDW Productions, LLC, Sooper Hoopers, LLC, Dana Fischer and John Doe Fischer, and Anton Fischer and Jane Doe Fischer were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq.*

24. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

25. At all relevant times, Plaintiffs were "employees" of Defendants as defined by A.R.S. § 23-350.

26. At all relevant times, Defendants were and continue to be "employers" as defined by A.R.S. § 23-350.

27. At all relevant times, Plaintiffs were "employees" of Defendants as defined by A.R.S. § 23-362.

28. At all relevant times, Defendants were and continue to be "employers" as defined by A.R.S. § 23-362.

29. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' work and wages at all relevant times.

30. Plaintiffs, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

31. At all relevant times, Plaintiffs, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

32. At all relevant times, Plaintiffs, in their work for Defendants, were engaged in interstate commerce.

33.     Plaintiffs, in their work for Defendants, regularly handled goods produced and transported in interstate commerce.

34.     Plaintiffs, in their work for Defendants, regularly accepted credit card payments from customers.

## NATURE OF THE CLAIM

35.     Defendants own and/or operate as Hooper's Pub, an enterprise located in Maricopa County, Arizona.

36.     Plaintiff Randall was hired by Defendants, and Plaintiff Randall worked for Defendants between approximately January 1, 2016 and July 23, 2018, when Plaintiff left her employment with Defendants.

37.     Plaintiff Wenzler was hired by Defendants, and Plaintiff Wenzler worked for Defendants between approximately May 1, 2015 and approximately October 1, 2018, when Plaintiff left her employment with Defendants.

38.     Defendants improperly classified Plaintiffs as independent contractors. However, at all times, Plaintiffs were employees of Defendants.

39.     Defendants, in their sole discretion, compensated Plaintiffs $5.00 per hour for all hours worked.

40.     Defendants compensated Plaintiffs $5.00 per hour for hours worked in excess of 40 hours per week.

41.     Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled, and performed all other duties generally associated with that of an employer with regard to Plaintiffs.

-8-

42.     Defendants instructed Plaintiffs about when, where, and how to perform their work.

43.     The following further demonstrates Plaintiffs' status as employees:

   a.     Defendants had the sole right to hire and fire;

   b.     Little to no skill was required for the work that Plaintiffs performed;

   c.     Defendants made the decision not to pay minimum wage or overtime;

   d.     Defendants supervised Plaintiffs and subjected Plaintiffs to their rules;

   e.     Plaintiffs have no financial investment with Defendants' business;

   f.     Plaintiffs had no opportunity for profit or loss in the business;

   g.     The services rendered by Plaintiffs in their work for Defendants were integral to Defendants' business;

   h.     Plaintiffs were hired as permanent employees, typically working for Defendants 5 days per week for the duration of their employment.

44.     Defendants classified Plaintiffs as independent contractors to avoid Defendants' obligation to pay Plaintiff minimum wage, and as such Defendants failed to pay Plaintiff minimum wage for all hours she worked for Defendants.

45.     As a result, Plaintiffs were forced to perform work at an hourly rate that was less than the applicable minimum wage.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-9-

46.     As a result of Defendants' willful failure to compensate Plaintiffs the applicable minimum wage for such hours worked, Defendants have violated 29 U.S.C. § 206(a).

47.     Defendants have and continue to violate the FLSA by not paying Plaintiffs the full applicable minimum wage for all hours worked during her regular workweeks.

48.     In a given workweek, and during each and every workweek for which Plaintiffs worked for Defendants, Defendants failed to pay Plaintiffs at least minimum wage for all hours Plaintiffs worked for Defendants.  In doing so, Defendants paid Plaintiffs less than the overall minimum wage for such work that Plaintiffs performed for Defendants, such that the average of Plaintiffs' hourly wages was less than the applicable minimum wage, in willful violation of 29 U.S.C. § 206(a).

49.     Plaintiffs believe and therefore aver that Defendants owe them similar wages for each and every workweek during which they worked for Defendants for the entire duration of their employment.  Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

50.     Defendants engaged in the regular practice of failing to accurately, if at all, record the time during which Defendants suffered or permitted Plaintiffs to work.  As such, Defendants' records of Plaintiffs' time worked, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiffs to work.

51. Defendants engaged in the regular practice of making deductions from Plaintiffs' paychecks, which, upon information and belief, Defendants falsely stated to Plaintiffs that such deductions were contributions to their employer tax obligations.

52. Upon information and belief, Defendants engaged in the regular practice of requiring Plaintiffs to perform work off the clock for which they were not compensated.

53. As a result, Defendants failed to compensate Plaintiffs minimum wage for all hours they worked for Defendants.

54. As a result of Defendants' failure to compensate Plaintiffs the applicable minimum wage for all hours they worked, Defendants violated 29 U.S.C. § 206(a).

55. Defendants classified Plaintiffs as independent contractors to avoid Defendants' obligation to pay Plaintiffs overtime wages (one and one-half times the regular rate of pay) for all hours worked in excess of 40 hours per week.

56. Therefore, Defendants failed to pay Plaintiffs overtime wages for all hours worked for Defendants in excess of 40 hours per workweek.

57. As a result of required off the clock labor, Defendants failed to compensate Plaintiffs one and one-half times their regular rate of pay for such hours that exceeded 40 hours in a given workweek.

58. As a result of Defendants' failure to compensate Plaintiffs the applicable overtime wage for all hours worked over 40 in a given workweek, Defendants violated 29 U.S.C. § 207.

59. Defendants' failure to pay Plaintiffs the applicable minimum hourly wage for all hours worked also violated A.R.S. § 23-363.

60.     Defendants' failure to pay Plaintiff the applicable minimum hourly wage for all hours worked and the applicable overtime rate for all hours worked in excess of 40 in a given workweek also violated A.R.S. § 23-352.

61.     Plaintiffs are covered employees within the meaning of the Fair Labor Standards Act ("FLSA").

62.     Plaintiffs were non-exempt employees.

63.     Defendants refused and/or failed to properly disclose to or apprise Plaintiffs of their rights under the FLSA.

64.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' work and wages at all relevant times.

65.     Due to Defendants' illegal wage practices, Plaintiffs are entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

66.     Due to Defendants' illegal wage practices, Plaintiffs are entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

67.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

68.     Defendants compensated Plaintiffs $5.00 per hour for all hours that Plaintiffs worked for Defendants.

69.     Defendants' practice of failing to pay Plaintiffs at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

70.     Defendants knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiffs the full minimum wage would violate federal state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

71.     None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants or Plaintiffs.

72.     Plaintiffs are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiffs, Melissa Randall and Kristina Wenzler, respectfully request that this Court grant the following relief in their favor, and against Defendants:

A.     For the Court to declare and find that the Defendants committed one of more of the following acts:

i.     Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

ii.     Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a);

B.     For the Court to award Plaintiffs' unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiffs a reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

## COUNT TWO: FAIR LABOR STANDARDS ACT IMPROPER DEDUCTIONS FROM PAYCHECKS

73.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

74.     Defendants engaged in the regular practice of making deductions from Plaintiffs' paychecks, which, upon information and belief, Defendants falsely stated to Plaintiffs that such deductions were contributions to their employer tax obligations.

75.     Defendants' practice of making such deductions from Plaintiffs' paychecks violated the FLSA, 29 U.S.C. § 206(a).

76.     Defendants knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiffs the full minimum wage by making improper deductions from Plaintiffs' paychecks would violate federal state law, and Defendants were aware of the

-14-

1   FLSA minimum wage requirements during Plaintiffs' employment.  As such,

2   Defendants' conduct constitutes a willful violation of the FLSA.

3        77.     None of the exemptions provided by the FLSA regulating the duty of

4   employers to pay employees for all hours worked at the required minimum wage rate are

5   applicable to Defendants or Plaintiffs.

6

7        78.     Plaintiffs are therefore entitled to compensation for the full minimum wage

8   at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated

9   damages, together with interest, reasonable attorney's fees, and costs.

10       **WHEREFORE**, Plaintiffs, Melissa Randall and Kristina Wenzler, respectfully

11  request that this Court grant the following relief in their favor, and against Defendants:

12

13       A.      For the Court to declare and find that the Defendants committed one of

14               more of the following acts:

15           i.      Violated minimum wage provisions of the FLSA, 29 U.S.C. §

16               206(a), by failing to pay proper minimum wages;

17

18          ii.      Willfully violated minimum wage provisions of the FLSA, 29

19               U.S.C. § 206(a);

20

21       B.      For the Court to award Plaintiffs' unpaid minimum wage damages, to be

22               determined at trial;

23       C.      For the Court to award compensatory damages, including liquidated

24               damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

25       D.      For the Court to award prejudgment and post-judgment interest;

26

27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

E.   For the Court to award Plaintiffs a reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.   Such other relief as this Court shall deem just and proper.

## COUNT THREE: FAIR LABOR STANDARDS ACT
## OFF-CLOCK LABOR

79.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

80.   Defendants engaged in the regular practice of requiring Plaintiff to perform off-clock labor.  Specifically, in the event that Plaintiffs had to work later than their scheduled shift, Defendants refused to pay Plaintiffs for any work that Plaintiffs performed beyond their scheduled shift.

81.   Defendants' practice of requiring such off-clock labor from Plaintiffs' paychecks violated the FLSA, 29 U.S.C. § 206(a).

82.   Defendants knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiffs the full minimum wage by requiring Plaintiffs to perform off-clock labor would violate federal state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

83.   None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants or Plaintiffs.

84.     Plaintiffs are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiffs, Melissa Randall and Kristina Wenzler, respectfully request that this Court grant the following relief in their favor, and against Defendants:

A.     For the Court to declare and find that the Defendants committed one of more of the following acts:

   i.     Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

   ii.    Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a);

B.     For the Court to award Plaintiffs' unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiffs a reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

## COUNT FOUR: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

85.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

86.   Defendants compensated Plaintiffs $5.00 per hour for all hours that Plaintiffs worked for Defendants.

87.   Rather than paying Plaintiffs one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a given workweek, Defendants paid Plaintiffs $5.00 per hour for all hours worked.

88.   Defendants' practice of failing to pay Plaintiffs overtime wages violates the FLSA, 29 U.S.C. § 207(a).

89.   Defendants knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiffs the proper overtime rate would violate federal state law, and Defendants were aware of the FLSA overtime requirements during Plaintiffs' employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

90.   None of the exemptions provided by the FLSA regulating the duty of employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of 40 hours in a workweek are applicable to Defendants or Plaintiffs.

91.   Plaintiffs are therefore entitled to compensation of one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a workweek, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

**WHEREFORE**, Plaintiffs, Melissa Randall and Kristina Wenzler, respectfully request that this Court grant the following relief in their favor, and against Defendants:

A.   For the Court to declare and find that the Defendants committed one of more of the following acts:

    i.   Violated overtime provisions of the FLSA, 29 U.S.C. § 207(a), by failing to pay proper overtime wages;

    ii.   Willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207(a);

B.   For the Court to award Plaintiffs' unpaid overtime damages, to be determined at trial;

C.   For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.   For the Court to award prejudgment and post-judgment interest;

E.   For the Court to award Plaintiffs a reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.   Such other relief as this Court shall deem just and proper.

## COUNT FIVE: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

92.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

93.     Defendants' practice of failing to pay Plaintiffs wages at the rate of the Arizona Minimum Wage violates the Arizona Minimum Wage Act, ARS § 23-363.

94.     Plaintiffs are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiffs, Melissa Randall and Kristina Wenzler, individually, respectfully requests that this Court grant the following relief in Plaintiffs' favor, and against Defendants:

A.     For the Court to declare and find that the Defendants committed one of more of the following acts:

    i.     that the Defendants violated the minimum wage provisions of A.R.S. § 23-363 by failing to pay proper minimum wages;

    ii.     that the Defendants willfully violated the minimum wage provisions of A.R.S. § 23-363 by failing to pay proper minimum wages;

B.     For the Court to award Plaintiffs' unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-363, to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiffs a reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.      Such other relief as this Court shall deem just and proper.

## COUNT SIX: ARIZONA WAGE LAW
## FAILURE TO PAY WAGES OWED

95.      Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

96.      Defendants' practice of willfully failing to pay Plaintiffs wages for labor performed violates Arizona Wage Law, ARS § 23-351.

97.      Plaintiffs are therefore entitled to compensation for the difference between wages paid and Arizona's minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiffs, Melissa Randall and Kristina Wenzler, individually, respectfully requests that this Court grant the following relief in Plaintiffs' favor, and against Defendants:

A.      For the Court to declare and find that the Defendants violated A.R.S. Title 23, Chapter 2, by failing to pay wages owed to Plaintiff;

B.      For the Court to award compensatory damages, including treble the amount of wages owed to Plaintiffs, pursuant to A.R.S. § 23-355, to be determined at trial;

C.      For the Court to award prejudgment and post-judgment interest;

D.      For the Court to award Plaintiffs a reasonable attorneys' fees and costs of the action;

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

E.      Such other relief as this Court shall deem just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 9th day of November, 2018.

BENDAU & BENDAU PLLC

By: /s/ *Christopher J. Bendau*
Christopher J. Bendau
*Attorney for Plaintiff*