**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melissa Randall, et al., | No. CV-18-04006-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| PDW Productions LLC, et al., | |
| Defendants. | |

Pending before the Court is the parties' "Joint Motion for Approval of Settlement Agreement and for Dismissal of the Lawsuit with Prejudice" (Doc. 21). The settlement agreement for which the parties seek the Court's approval was lodged under seal. (Doc. 22.) The parties have not affirmatively sought permission from the Court to file their settlement agreement under seal, as is required by LRCiv 5.6(a), and certainly have not "set forth a clear statement of the facts and legal authority justifying the filing of the document under seal," as is required by LRCiv 5.6(b). The Court will therefore construe the pending motion as incorporating a motion to seal and will deny it without prejudice.

The public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (internal quotation marks and citations omitted). The Court

must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation marks omitted).

The "stringent" compelling reasons standard applies to all filed motions and their attachments where the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016). "Because approval of the proposed settlement will be dispositive, the compelling reasons standard set forth in *Kamakana* applies to the parties' motion to seal." *In re Sepracor Inc. Fair Labor Standards Act (FLSA) Litig.*, 2009 WL 3253947, *1 (D. Ariz. 2009). "Absent a compelling reason, which the parties have not provided, sealing the settlement agreement from public scrutiny would thwart the public's independent interest in assuring that employee's wages are fair and thus do not endanger the national health and well-being." *Id.* (internal quotation marks omitted).

The parties have not attempted to "*articulate compelling reasons* supported by *specific factual findings* that outweigh the general history of access and the public policies favoring disclosure,*" Kamakana*, 447 F.3d at 1178-79 (emphasis added)—indeed, they have given no reason at all.

The parties have three options, one of which they must exercise by June 20, 2019: (1) they may file a joint motion to seal in an attempt to satisfy the *Kamakana* standard by including compelling reasons for sealing the settlement agreement, supported by specific facts, (2) they may again file a joint motion for approval of the settlement agreement and dismissal with prejudice, this time attaching the settlement agreement, such that it is part of the public record, or (3) they may file a joint notice of withdrawal from the settlement agreement, in which case the parties will proceed with the case.

Accordingly,

**IT IS ORDERED** that the parties' "Joint Motion for Approval of Settlement Agreement and for Dismissal of the Lawsuit with Prejudice" (Doc. 21) is denied without prejudice.

**IT IS FURTHER ORDERED** that by **June 20, 2019**, the parties shall file (1) a joint motion to seal, including compelling reasons for sealing the settlement agreement, supported by specific facts, (2) a joint motion for approval of the settlement agreement and dismissal with prejudice, attaching the settlement agreement as part of the public record, or (3) a joint notice of withdrawal from the settlement agreement, in which case the parties will proceed with the case.

Dated this 6th day of June, 2019.

Dominic W. Lanza
United States District Judge