Clifford Bendau (030204)
Christopher J. Bendau (032981)
Bendau & Bendau PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Tel: (480) 382-5177
Fax: (480) 304-3805
cliffordbendau@bendaulaw.com
chris@bendaulaw.com

Attorneys for Plaintiffs
Melissa Jo Randall and Kristina Wenzler

SQUIRE PATTON BOGGS (US) LLP
Laura Lawless (023951)
Melissa Legault (034775)
1 E. Washington St., Suite 2700
Phoenix, Arizona  85004
Laura.Lawless@squirepb.com
Melissa.Legault@squirepb.com
+1 602 528 4000

Attorneys for Defendants
PDW Productions, LLC; Sooper Hoopers, LLC;
Dana Fischer; and Anton Fischer

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Melissa Randall and Kristina Wenzler, <br><br>       Plaintiffs, <br><br> v. <br><br> PDW Productions, LLC, an Arizona Limited Liability Company, et al., <br><br>       Defendants. | Case No. 2:18-cv-04006-DWL <br><br> **JOINT MOTION TO SUBMIT SETTLEMENT AGREEMENT UNDER SEAL (IN RE: JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND FOR DISMISSAL OF THE LAWSUIT WITH PREJUDICE)** |

On May 24, 2019, Plaintiffs Melissa Jo Randall and Kristina Wenzler and Defendants PDW Productions, LLC, Sooper Hoopers LLC, Dana Fischer, and Anton Fischer (together, the "Parties") filed a Joint Motion for Approval of Settlement Agreement and for Dismissal of the Lawsuit with Prejudice. (Doc. 21). The Parties had reached a

settlement of Plaintiffs' purported Fair Labor Standards Act and Arizona wage claims and entered into a confidential Settlement Agreement. The Parties lodged the executed Settlement Agreement with the Joint Motion to Approve, with a request that the Court seal the Settlement Agreement.

On June 6, 2019, the Court ordered the parties to file a joint motion to seal the Settlement Agreement, including compelling reasons for sealing the Settlement Agreement, or file a joint motion for approval of the Settlement Agreement and dismissal with prejudice attaching the Settlement Agreement as part of the public record, or file a joint notice of withdrawal from the Settlement Agreement and intention to proceed with the case. (Doc. 23) The Parties do not wish to withdraw from the Settlement Agreement but jointly request that the Court seal the Settlement Agreement, in whole or in part, for the following reasons:

1. In this case, Plaintiffs assert claims that Defendants did not pay them certain wages they claim they were entitled to. Defendants dispute whether any amounts were owed to Plaintiffs and if so, in what amount, the party or parties from whom the amounts were allegedly owed, and whether Plaintiffs engaged in "self-help" during employment by taking payment from cash registers without Defendants' approval. The Parties also dispute whether the corporate Defendants are covered employers under the FLSA at all, given their limited revenues; whether certain individual Defendants are subject to individual supervisor liability; and whether a 2-year or 3-year statute of limitations should apply to Plaintiffs' claims.

2. After extensive settlement discussions by counsel for the Parties, they reached a fair and reasonable resolution, particularly in light of disputed coverage and statute of limitations issues.

3. Because the settlement of a lawsuit that involves FLSA claims arguably requires that a Court must review the settlement and ensure that it represents a "'fair and reasonable resolution of a *bona fide* dispute' given the 'totality of the circumstances' within the context of the purposes of the FLSA," *compare Simko v. World Class Car Wash LLC*, No. V-17-03870-PHX-DJH, 2018 U.S. Dist. LEXIS 205096, *3 (D. Ariz. Nov. 30, 2018) (approval required and granted), with *Smith v. Tri-City Transmission Serv., Inc.*, CV 12-

1   01254-PHX-FJM, 2012 WL 12953674, at *1 (D. Ariz. Aug. 23, 2012) (no approval required), the Parties sought this Court's approval of their Settlement Agreement.

4.  One of the terms of the Parties' resolution is a guarantee of confidentiality. See Settlement Agreement, ¶11.  To effectuate this essential element of the settlement terms, specific dollar amounts to be paid under the settlement are not included in the Joint Motion to Approve Settlement and for Dismissal and the parties wish to file the Settlement Agreement — which contains those dollar amounts — under seal.

5.  Pursuant to LRCiv 5.6(b), the parties submit this Joint Motion to Seal, setting out a statement of the facts and legal authority justifying the filing of the Settlement Agreement under seal.

6.  Pursuant to LRCiv 5.6(c), a copy of the Settlement Agreement has been lodged with the Court.

7.  In *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), the Ninth Circuit explained that parties ordinarily must show compelling reasons to keep a court document under seal. The presumption against sealing "promotes the public's understanding of the judicial process and of significant public events." *Valley Broadcasting Co. v. U.S. Dist. Court for the Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986).

8.  Here, the Parties do not seek to seal the discussion of the case and the settlement set out in the Joint Motion to Approve.  The Parties only ask that the Settlement Agreement document itself be sealed, or, alternatively, the settlement amounts themselves.

9.  As other courts have noted, "[t]here is no general public interest in the precise settlement amount and the public can be assured that the settlement is fundamentally fair as it is subject to judicial scrutiny both as to substance and compensation." *Hummel v. Bimbo Bakeries*, 2015 U.S. Dist. LEXIS 126077, *7-8 (N.D. Cal. Sept. 21, 2015). Moreover, "the FLSA does not require that the settlement amount be made public, only that the settlement be approved by the judge." *Id*.

10.  The Parties make their limited sealing request because there is a "public interest in not discouraging settlements," *Johnson v. Bank of Am. NA*, No. CV-16-04410-PHX-JJT, 2017 U.S. Dist. LEXIS 82055 (D. Ariz. May 30, 2017), and making the

- 3 -

Settlement Agreement terms here public could thwart that public interest. Defendants PDW Productions and Sooper Hooper's operate a very small neighborhood bar-and-grill. Copycat litigation driven by review of the settlement terms, which Defendants agreed to in large part because of the cost of continued litigation, and the attorneys' fees award to Plaintiffs' counsel in particular, could result in the business having to declare bankruptcy. Both Plaintiffs were bartenders at Defendants' bar-and-grill. The Parties specifically acknowledge that their confidentiality obligation does not prevent them from responding to a subpoena, so to the extent that the Plaintiffs are ordered to provide pertinent information in a lawsuit filed by or on behalf of another employee of Defendants, the Settlement Agreement would not prevent that, and sealing the Settlement Agreement would not interfere with Plaintiffs' compliance with such order.

11. The relief the Parties request here has been granted in other similar cases. *See Johnson v. BofA, supra*, 2017 U.S. Dist. LEXIS 82055, *4-5; *Alzate v. Creative Man Painting LLC*, CV-13-02129-PHX-BSB, 2015 WL 789727, at *3 n.4 (D. Ariz. Feb. 25, 2015) (noting, in subsequent proceedings following court approval of an FLSA settlement agreement, that "[t]he parties filed the settlement agreement under seal and the settlement amount is confidential. Therefore, the Court does not disclose the settlement amount in this Order"); *Gillard v. Good Earth Power AZ LLC et al*., 2:17-cv-01368-DLR (Doc. 123) (May 24, 2019) (approving a motion to seal a settlement agreement of, *inter alia*, FLSA claims in its entirety).

12. The Parties thus pray that the Court approve their request that the Settlement Agreement, which was lodged with the Court, be filed under seal in its entirety, and that the Court grant the Joint Motion to Approve and Dismiss the Lawsuit with Prejudice. In the alternative, the Parties request that the Court seal the settlement amounts, if it is not inclined to seal the entire Settlement Agreement. *See Johnson, supra,* 2017 U.S. Dist. LEXIS 82055, *4-5 (redacting from the record all references to the settlement amount or components thereof as "the Court here finds that the parties have satisfied the compelling interest test to justify the sealing of the settlement amounts themselves, as the Court recognizes the public interest in not discouraging settlement"). In the event that the Court

denies this Motion, however, the Parties request that the Court nonetheless approve the Settlement Agreement, without filing it under seal, and dismiss the case with prejudice.

A proposed form of Order is submitted herewith.

Respectfully submitted: June 13, 2019

Bendau & Bendau PLLC
PO Box 97066
Phoenix, Arizona 85060


By: *s/Christopher Bendau*
Christopher J. Bendau

Attorneys for Plaintiffs Melissa Jo Randall and Kristina Wenzler


Squire Patton Boggs (US) LLP
1 E. Washington St., Suite 2700
Phoenix, Arizona  85004


By: *s/Laura Lawless*
Laura Lawless

Attorneys for Defendants
PDW Productions, LLC; Sooper Hoopers, LLC; Dana Fischer; and Anton Fischer

**CERTIFICATE OF SERVICE**

On June 13, 2019, the foregoing document was filed with the Court via the CM/ECF and a copy transmitted through that system with:

Bendau & Bendau PLLC
Clifford P. Bendau
Christopher J. Bendau
P.O. Box 97066
Phoenix, Arizona 85060
cliffordbendau@bendaulaw.com
chris@bendaulaw.com
Attorneys for Plaintiffs

*/s/ Betty Rios*