**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Melissa Randall, et al., | No. CV-18-04006-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| PDW Productions LLC, et al., | |
| Defendants. | |

**INTRODUCTION**

Pending before the Court is the parties' "Joint Motion to Submit Settlement Agreement Under Seal (In re: Joint Motion for Approval of Settlement Agreement and for Dismissal of the Lawsuit with Prejudice)." (Doc. 24.) For the following reasons, the Court denies the motion.

**BACKGROUND**

The parties had previously lodged their settlement agreement under seal without seeking this Court's permission to do so. (Doc. 22.) Because parties are required to articulate compelling reasons for filing a settlement agreement in an FLSA action under seal, *In re Sepracor Inc. Fair Labor Standards Act (FLSA) Litig.*, 2009 WL 3253947, *1 (D. Ariz. 2009) (citing *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006)), the Court had given the parties three options in its June 6, 2019 order: (1) they could file a joint motion to seal in an attempt to satisfy the *Kamakana* standard by identifying compelling reasons for sealing the settlement agreement, supported by specific

facts, (2) they could again file a joint motion for approval of the settlement agreement and dismissal with prejudice, attaching the settlement agreement, such that it is part of the public record, or (3) they could file a joint notice of withdrawal from the settlement agreement and proceed with the case. (Doc. 23.)

The parties have chosen the first option, filing their joint motion on June 13, 2019. (Doc. 24.) In this motion, they advance two reasons for sealing the settlement agreement: (1) "[o]ne of the terms of the Parties' resolution is a guarantee of confidentiality," and (2) "making the Settlement Agreement terms here public could thwart [the] public interest" in encouraging settlement. (*Id.* at 3-4.) Specifically, they claim that publicly disclosing the settlement terms could lead to copycat litigation, which could ultimately bankrupt the two entity defendants. (*Id.* at 4.) The parties make two alternative requests of the Court. They request either that (1) the Court allow the settlement agreement to be filed under seal in its entirety or (2) "the Court seal the settlement amounts" and file the rest of the settlement agreement publicly. (*Id.*)

For the reasons below, the Court denies the two alternative requests for relief. If the parties wish for the Court to approve their settlement and dismiss the case with prejudice, they may refile the joint motion for approval, attaching the settlement agreement, such that it becomes part of the public record.

**ANALYSIS**

As noted in the Court's previous order, parties seeking to seal settlement agreements in FLSA cases must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations and internal quotation marks omitted); *In re Sepracor Inc.*, 2009 WL 3253947 at *1; *Cordero v. Lumenis Inc.*, 2016 WL 4529586, *3 (N.D. Cal. 2016) ("Unlike in other areas of the law, where settlement agreements commonly remain confidential, FLSA agreements are filed with the court and become judicial records. They are therefore subject to a strong presumption in favor of public access, which cannot be overcome absent compelling

reasons.") (citation omitted).

Courts have "identif[ied] two bases supporting public access to settlement agreements in FLSA cases": (1) "the general public interest in the content of documents upon which a court's decision is based, including a determination of whether to approve a settlement" and (2) "the 'private-public character' of employee rights under the FLSA, whereby the public has an independent interest in assuring that employees['] wages are fair and thus do not endanger the national health and well-being." *Hens v. Clientlogic Operating Corp.*, 2010 WL 4340919, *2 (W.D.N.Y. 2010) (citations and internal quotation marks omitted). Courts have also rejected the argument that the general public interest in encouraging settlement necessarily applies in the FLSA settlement context. *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 647 (S.D.N.Y. 2011) ("In this context, Congress has made a judgment to limit the available avenues of settlement to those supervised by the Secretary of Labor and those that are judicially approved; this channeling of settlement avenues overrides any general judicial policy in favor of settlement.").

The parties rely mainly on two cases in moving to seal the settlement agreement. In *Hummel v. Bimbo Bakeries USA, Inc.*, 2015 U.S. Dist. LEXIS 126077 (N.D. Cal. 2015), the court denied the motion to seal the settlement agreement in its entirety but allowed the parties to redact the settlement amounts in the publicly-filed agreement. *Id.* at *7-8. The court noted that it was not convinced that the existence of a confidentiality provision in the agreement or the defendant's desire to prevent copycat lawsuits constituted compelling reasons to seal the agreement in its entirety but ultimately found "[t]here [was] no general public interest in the precise settlement amount," and even with settlement amounts redacted, "the public [could] be assured that the settlement [was] fundamentally fair as it [was] subject to judicial scrutiny both as to substance and compensation." *Id.* The court in *Johnson v. Bank of America NA*, 2017 WL 9988653 (D. Ariz. 2017), relied on *Hummel* to reach the same result. Notably, the parties have not cited a single case containing any analysis or reasoning in which a court has granted a motion to seal a FLSA settlement

agreement in its entirety.[1] And the Court is not persuaded by the reasoning in *Hummel*—allowing parties to file their settlement agreement with the settlement amounts redacted does not effectively address the public interest in evaluating the court's approval decision.

Moreover, in this and other contexts, courts have rejected the two supposed compelling reasons advanced by the parties here. The Ninth Circuit in *Kamakana* rejected the copycat litigation argument, noting "[t]he mere fact that the production of records may lead to a litigant's . . . exposure to further litigation will not, without more, compel the court to seal its records." 447 F.3d at 1179. *See also Cordero*, 2016 WL 4529586 at *4 ("Although Lumenis does not expressly say so, to the extent it fears other similar lawsuits, that does not overcome the presumption to public access."); *Duran v. Hershey Co.*, 2015 WL 4945931, *2 (N.D. Cal. 2015) ("A defendant's fear of 'copy-cat lawsuits' does not overcome the presumption of public access."); *Bernstein v. Target Stores, Inc.*, 2013 WL 5807581, *3 (N.D. Cal. 2013) ("[A] litigant is not entitled to the court's protection from exposure to additional liability and litigation.") (citation and internal quotation marks omitted).

Courts have also rejected the presence of a confidentiality provision in a settlement agreement as a compelling reason for sealing. *See, e.g.*, *Ambrosino v. Home Depot U.S.A., Inc.*, 2014 WL 931780, *2 (S.D. Cal. 2014) ("The existence of a confidentiality provision, without more, does not constitute good cause, let alone a compelling reason, to seal."); *Bernstein*, 2013 WL 5807581 at *3 (same); *In re Sepracor Inc.*, 2009 WL 3253947 at *1 ("The fact that the parties' agreement contains a confidentiality provision is an insufficient interest to overcome the presumption that an approved FLSA settlement agreement is a judicial record, open to the public.") (citation and internal quotation marks omitted).

Finally, the Court notes that the parties have seemingly conceded that, even if they're required to publicly file the settlement agreement, this won't disturb the settlement.

---

[1] The parties cite two cases in which courts have granted motions to seal settlement agreements in their entirety. Neither case has any persuasive value. *Gillard v. Good Earth Power AZ LLC* (Doc. 123), contains no reasoning or explanation and *Alzate v. Create Man Painting LLC*, 2015 WL 789727, *3 n.4 (D. Ariz. 2015) contains only a footnote indicating that the parties filed the settlement agreement under seal but not explaining why the court agreed to seal it.

(Doc. 24 at 4-5 ["In the event that the Court denies the Motion, however, the Parties request that the Court nonetheless approve the Settlement Agreement, without filing it under seal, and dismiss the case with prejudice."].). This concession renders the parties' purportedly compelling reasons for needing to seal the settlement agreement much less compelling.

Accordingly, **IT IS ORDERED** that:

1. The parties' "Joint Motion to Submit Settlement Agreement Under Seal (In re: Joint Motion for Approval of Settlement Agreement and for Dismissal of the Lawsuit with Prejudice)" (Doc. 24) is **denied**; and

2. If the parties wish for the Court to approve their settlement and dismiss the case with prejudice, they may refile the joint motion for approval, attaching the settlement agreement, such that it becomes part of the public record.

Dated this 10th day of July, 2019.

Dominic W. Lanza
United States District Judge