Clifford Bendau (030204)
Christopher J. Bendau (032981)
Bendau & Bendau PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Tel: (480) 382-5177
Fax: (480) 304-3805
cliffordbendau@bendaulaw.com
chris@bendaulaw.com

Attorneys for Plaintiffs
Melissa Jo Randall and Kristina Wenzler

SQUIRE PATTON BOGGS (US) LLP
Laura Lawless (023951)
Melissa Legault (034775)
1 E. Washington St., Suite 2700
Phoenix, Arizona  85004
Laura.Lawless@squirepb.com
Melissa.Legault@squirepb.com
+1 602 528 4000

Attorneys for Defendants
PDW Productions, LLC; Sooper Hoopers, LLC;
Dana Fischer; and Anton Fischer

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Melissa Randall and Kristina Wenzler,<br><br>           Plaintiffs,<br><br>     v.<br><br>PDW Productions, LLC, an Arizona Limited Liability Company, et al.,<br><br>           Defendants. | Case No. 2:18-cv-04006-DWL<br><br>**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT, AND FOR DISMISSAL OF THE LAWSUIT WITH PREJUDICE** |

Plaintiffs Melissa Jo Randall and Kristina Wenzler and Defendants PDW Productions, LLC, Sooper Hoopers LLC, Dana Fischer, and Anton Fischer hereby jointly move for approval of their fully-executed Settlement Agreement and Release of Claims, and for Dismissal of the Lawsuit With Prejudice.  This Joint Motion is supported by the following Memorandum of Points and Authorities.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On November 9, 2018, Plaintiffs filed this putative Fair Labor Standards Act ("FLSA")[1] collective action. [*See* Doc. 1 (the "Lawsuit").] After early discovery, including mandatory initial discovery responses, the Parties entered into settlement negotiations. Plaintiffs and Defendants agreed to resolve the Lawsuit on the terms set forth in the attached Settlement Agreement, which is filed as Exhibit 1. Defendants have issued a settlement payment to be distributed to Plaintiffs and their attorneys as payment of their alleged unpaid wages, attorneys' fees, and litigation costs provided the Court approves the Settlement Agreement. [*Id.*] Plaintiffs and Defendants further agreed that the parties would take all steps necessary to effectuate a dismissal of the Lawsuit with prejudice. In furtherance of that agreement, the Parties hereby jointly move for approval of the Settlement Agreement, and for dismissal of the Lawsuit with prejudice.

## II. LEGAL ANALYSIS

FLSA claims may be settled only with court approval or approval by the U.S. Department of Labor to ensure that the settlement is "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982); *Lopez v. Arizona Public Serv. Co.*, No. CV 08-1843, PHX-JAT, 2010 WL 1403873, *1 (D. Ariz. Jan. 27, 2010) (in an FLSA action, "the parties must seek approval of their stipulated settlement in order to ensure the enforceability of the Settlement Agreement. The Court may approve the settlement if it reflects a reasonable compromise over issues.").

When evaluating settlement agreements for reasonableness, the court or DOL must consider whether liability is contested by the defendant; whether the settlement distribution is equitable; whether the plaintiffs' attorneys' fees will be paid, and in what amount; and whether there are indicators of fraud or collusion between the parties making the settlement fundamentally unfair. *See e.g., Lopez*, 2010 WL 1403873 at *1 (approving a stipulated agreement because the defendant "strongly contested liability under the FLSA," the

---

[1] 29 U.S.C. §§ 201-219.

plaintiffs "faced difficulty establishing that each plaintiff worked more than 40 hours per week," and the distribution to each plaintiff "directly relate[d] to each plaintiff's length of employment with defendant and the amount of hours each plaintiff worked for [defendant]"); *Hand v. Dionex Corp.*, No. CV 06-1318-PHX-JAT, 2007 WL 3383601, *1 (D. Ariz. Nov. 13, 2007) (approving a proposed FLSA settlement because the distribution of settlement proceeds directly related to each plaintiff's length of employment with defendant, and the parties strongly contested liability).

The parties' Settlement Agreement satisfies the requirements set forth in *Lopez* and *Hand*. First, Defendants contest coverage under the FLSA given the corporate defendants' limited revenues (*see Guzman v. Irmadan, Inc.*, 551 F. Supp. 2d 1368 (S.D. Fla. 2008), *aff'd,* 322 Fed. App'x 644 (11th Cir. 2009) (enterprise coverage did not exist where tax returns for small, family-owned business showed annual income never reached $500,000)), and dispute purported individual supervisor liability with respect to Defendant Anton Fischer given the attenuated role he played in the operation of the defendant-businesses.

In addition to disputing statutory and individual coverage, Defendants also dispute liability, as Plaintiffs have failed to adduce any evidence thus far that they were not compensated as required by the FLSA for all hours (including purported overtime) worked during the applicable time period. Defendants contest that Plaintiffs are entitled to payment of any alleged unpaid minimum wages, given the substantial amounts both earned in tips. The parties dispute whether and to what extent either Plaintiff ever worked in excess of forty (40) hours per workweek.

Notwithstanding the genuine dispute over coverage and liability, Defendants have agreed to make a lump sum payment of that includes payment of purported back wages to each Plaintiff and a sum to their counsel for their attorneys' fees, litigation costs and expenses, in amounts set forth in Exhibit 1. *See, e.g., Baker v. D.A.R.A. II, Inc.*, No. CV 06-2887-PHX-LOA, 2008 WL 4368913, *2 (D. Ariz. Sept. 24, 2008) (noting that the FLSA requires that settlement agreements include an award of attorneys' fees to be paid by the defendant). This amount is a reasonable settlement in light of the disputed issues of fact and law, and the payment of Plaintiffs' attorneys' fees and out-of-pocket expenses. As such, the Settlement Agreement represents a fair resolution of the parties' dispute.

### III. CONCLUSION

As the Settlement Agreement represents a fair resolution of the parties' dispute, the Parties respectfully request that the Court approve the parties' Settlement Agreement attached here, and grant this Joint Motion for Dismissal of the Lawsuit with Prejudice. A proposed form of Order is submitted herewith.

Respectfully submitted: July 19, 2019

Bendau & Bendau PLLC
PO Box 97066
Phoenix, Arizona 85060

By: *s/Christopher Bendau*
Christopher J. Bendau

Attorneys for Plaintiffs Melissa Jo Randall and Kristina Wenzler

Squire Patton Boggs (US) LLP
1 E. Washington St., Suite 2700
Phoenix, Arizona 85004

By: *s/Laura Lawless (with permission)*
Laura Lawless

Attorneys for Defendants
PDW Productions, LLC; Sooper Hoopers, LLC; Dana Fischer; and Anton Fischer

010-8769-5716/2/AMERICAS

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th Day of July, 2019, a copy of the foregoing was transmitted electronically to the CM/ECF filing system for filing and transmittal along with copies transmitted to all counsel of record via the CM/ECF system.

/s/ *Christopher J. Bendau*