# BENDAU & BENDAU PLLC

# Exhibit 1

# CONFIDENTIAL SETTLEMENT AGREEMENT AND COMPREHENSIVE RELEASE OF ALL CLAIMS

This Confidential Settlement Agreement and Comprehensive Release of All Claims ("Agreement") is made by and between Melissa Jo Randall and Kristina Wenzler on the one hand (referred to collectively herein as "Employees"), and PDW Productions LLC, Sooper Hooper's LLC, Anton Fischer, and Dana Fischer (collectively, "PDW") on the other hand, all of whom shall collectively be referred to as the "Parties," or individually referred to as a "Party."

## RECITALS

WHEREAS, Employees were formerly employed by PDW as bartenders;

WHEREAS, Employees filed a lawsuit in the United States District Court for the District of Arizona, captioned *Melissa Randall and Kristina Wenzler v. PDW Productions, LLC et al.*, Case No. 2:18-cv-04006-DWL (the "Lawsuit");

WHEREAS, Employees allege in the Lawsuit that they were not paid all wages to which they were entitled incident to their employment as bartenders during their employment by PDW, including, without limitation, minimum wage and overtime wages;

WHEREAS, PDW expressly denies any liability with respect to the allegations in the Lawsuit, and specifically denies that it failed to pay Employees all wages to which they were entitled;

WHEREAS, the Parties wish to resolve any and all disputes, claims, complaints, grievances, charges, actions, petitions, and demands that Employees may have against PDW and any of the Releasees as defined below, including, but not limited to, any and all claims arising out of or in any way related to Employees' employment with or separation from PDW;

NOW, THEREFORE, in consideration of the mutual promises made herein, PDW and Employees hereby agree as follows:

## COVENANTS

1. **Consideration**. Within ten (10) business days after delivering a fully executed copy of this Agreement to PDW's legal counsel, PDW shall pay Employees collectively the gross amount of Fifteen Thousand Five Hundred Forty Nine Dollars and Fifty Cents ($15,549.50), from which no deductions or withholdings shall be taken (the "Settlement Payment"). The Settlement Payment shall be paid to Plaintiffs in a check made payable to "Bendau & Bendau PLLC IOLTA." PDW shall deliver the Settlement Payment to Employees' legal counsel, Bendau & Bendau PLLC, PO Box 97066, Phoenix, Arizona 85060, within ten (10) business days after the Parties execute this Agreement; *provided, however*, that Bendau & Bendau shall hold the Settlement Payment in the firms' IOLTA account pending the Court's approval of this Settlement Agreement and enters an Order dismissing the Lawsuit in a form identical or substantially similar to that set forth in Exhibit A to this Agreement, which is incorporated herein by reference. Upon entry of the Order by the Court, Bendau & Bendau PLLC shall distribute the funds to Ms. Randal and Ms. Wenzler as follows:

      a.      $4,000.00 to Melissa Randall for allegedly unpaid wages and purported liquidated damages sought in the Lawsuit;

      b.      $4,000.00 to Kristina Wenzler for allegedly unpaid wages and purported liquidated damages sought in the Lawsuit;

      c.      $7,549.50 to Bendau & Bendau PLLC for attorneys' fees and legal costs and expenses incurred by Employees in the Lawsuit.

In the event that the Court does not approve the Settlement Agreement and/or dismiss the Lawsuit, Bendau & Bendau shall return the Settlement Payment to PDW and this Settlement Agreement shall be voidable at PDW's discretion.

As a condition of payment of the Settlement Payment, Ms. Randall, Ms. Wenzler, and Bendau & Bendau PLLC each shall execute a Form W-9 and return the form to PDW's legal counsel, Laura Lawless, SQUIRE PATTON BOGGS (US) LLP, One East Washington Street, Suite 2700, Phoenix, Arizona 85004.  PDW shall cause a Form 1099 to be issued to Ms. Randall, Ms. Wenzler, and Bendau & Bendau PLLC reflecting their respective shares of the Settlement Payment.  Employees shall be solely responsible for any tax implications and consequences resulting from the Settlement Payment, and shall indemnify and hold PDW harmless with respect to any liability thereto.

      2.      <u>Payment of Salary and Receipt of All Benefits</u>.  Employees acknowledge and represent that, other than the consideration set forth in this Agreement, PDW has paid or provided all salary, wages, bonuses, accrued vacation/paid time off, premiums, leaves, reimbursable expenses, commissions, and any and all other benefits and compensation due to Employees.  Employees warrant and represent that they are not entitled to payment of any amount other than as set forth in this Agreement.

      3.      <u>Release of Claims and Dismissal of Lawsuit</u>.  Employees agree that the Settlement Payment represents settlement in full of all outstanding obligations owed to them by PDW and its current and former owners, managers, officers, directors, employees, agents, investors, attorneys, accountants, shareholders, administrators, affiliates, benefit plans, plan administrators, insurers, trustees, divisions, and subsidiaries, and predecessor and successor corporations and assigns (collectively, the "<u>Releasees</u>").  Employees, on their own behalf and on behalf of their respective marital communities (if any), heirs, family members, executors, agents, and assigns, hereby and forever release the Releasees from, and agree not to sue concerning, or in any manner to institute, prosecute, or pursue any claim, complaint, charge, duty, obligation, demand, or cause of action relating to any matters of any kind, whether presently known or unknown, suspected or unsuspected, that Employees may possess against any of the Releasees arising from any omissions, acts, facts, or damages that have occurred from the beginning of time through and including the Effective Date of this Agreement, including, without limitation:

      (a)      any and all claims relating to or arising from Employees' employment relationship with PDW and the termination of that relationship;

(b) any and all claims for wrongful discharge of employment; termination in violation of public policy; discrimination; harassment; retaliation; breach of contract, both express and implied; breach of covenant of good faith and fair dealing, both express and implied; promissory estoppel; negligent or intentional infliction of emotional distress; fraud; negligent or intentional misrepresentation; negligent or intentional interference with contract or prospective economic advantage; unfair business practices; defamation; libel; slander; negligence; personal injury; assault; battery; invasion of privacy; false imprisonment; conversion; and disability benefits;

(c) any and all claims for violation of any federal, state, or municipal statute, including, but not limited to, Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1991; the Rehabilitation Act of 1973; the Americans with Disabilities Act of 1990; the Genetic Information Non-Discrimination Act; Section 1981 of the Civil Rights Act of 1866; the Equal Pay Act; the Fair Labor Standards Act; the Fair Credit Reporting Act; the Employee Retirement Income Security Act of 1974; the Worker Adjustment and Retraining Notification Act; the Family and Medical Leave Act; the Sarbanes-Oxley Act of 2002; the Arizona Civil Rights Act; the Arizona Labor Code; and the Arizona Employment Protection Act.

(d) any and all claims for violation of the federal or any state constitution;

(e) any and all claims arising out of any other laws and regulations relating to employment or employment discrimination, compensation, or benefits; and

(f) any and all claims for attorneys' fees and costs.

Employees agree that the release set forth in this Paragraph shall be and remain in effect in all respects as a complete general release as to the matters released. This release does not extend to any obligations incurred under this Agreement. This release does not release claims that cannot be released as a matter of law, including, but not limited to, any claim for workers' compensation benefits, Employees' right to file a charge with or participate in a charge by the Equal Employment Opportunity Commission, or any other local, state, or federal administrative body or government agency that is authorized to enforce or administer laws related to employment (with the understanding that any such filing or participation does not give Employees the right to recover any monetary damages against PDW; Employees' release of claims herein bars them from recovering such monetary relief from PDW).

Employees shall jointly move with PDW for a complete Dismissal of the Lawsuit with prejudice and shall take such other and further necessary steps to effectuate the dismissal of the Lawsuit.

4. <u>No Pending or Future Lawsuits</u>. Employees represent that they have no lawsuits, claims, or actions pending in their or any of their names, or on behalf of any other person or entity, against PDW or any of the other Releasees except the currently pending Lawsuit. Employees also represent that Employees do not intend to bring any claims on their own behalves or on behalf of any other person or entity against PDW or any of the other Releasees.

5. <u>Confidentiality</u>. Employees agree to maintain in complete confidence the existence of this Agreement, the contents and terms of this Agreement, and the consideration for this

Agreement (hereinafter collectively referred to as "Separation Information").  Except as required by law, Employees may disclose Separation Information only to their respective immediate family members, the Court in any proceedings to enforce the terms of this Agreement, Employees' attorney(s), and Employees' accountants and professional tax advisors to the extent that they need to know the Separation Information in order to provide advice on tax treatment or to prepare tax returns, and must prevent disclosure of any Separation Information to all other third parties.  Employees agree that they will not publicize, directly or indirectly, any Separation Information.

Employees acknowledge and agree that the confidentiality of the Separation Information is of the essence.  The Parties agree that if PDW proves that Employees, or any of them, breached this Confidentiality provision, PDW shall be entitled to an award of its costs spent enforcing this provision, including all reasonable attorneys' fees associated with the enforcement action, without regard to whether PDW can establish actual damages from the breach.  Any such individual breach or disclosure shall not excuse Employee(s) from her or their obligations hereunder, nor permit Employee(s) to make additional disclosures.  Employees warrant that they have not disclosed, orally or in writing, directly or indirectly, any of the Separation Information to any unauthorized party.

6. No Cooperation.  Employees agree that they will not knowingly encourage, counsel, or assist any attorneys or their clients in the presentation or prosecution of any disputes, differences, grievances, claims, charges, or complaints by any third party against any of the Releasees, unless under a subpoena or other court order to do so.  Employees agree both to immediately notify PDW upon receipt of any such subpoena or court order, and to furnish, within three (3) business days of its receipt, a copy of such subpoena or other court order.  If approached by anyone for counsel or assistance in the presentation or prosecution of any disputes, differences, grievances, claims, charges, or complaints against any of the Releasees, Employees shall state no more than that they cannot provide counsel or assistance.

7. Non-Disparagement.  Employees agree to refrain from any disparagement, defamation, libel, or slander of any of the Releasees, and to refrain from any tortious interference with the contracts and relationships of any of the Releasees.

8. No Admission of Liability.  Employees understand and acknowledge that this Agreement constitutes a compromise and settlement of any and all actual or potential disputed claims by Employees against PDW, individually and collectively.  No action taken by PDW hereto, either previously or in connection with this Agreement, shall be deemed or construed to be (a) an admission of the truth or falsity of any actual or potential claims, or (b) an acknowledgment or admission by PDW of any fault or liability whatsoever to Employees or to any third party.

9. Costs.  Except as provided in Paragraph 1 hereinabove, the Parties shall bear their own costs, attorneys' fees, and other fees incurred in connection with the preparation of this Agreement.

10. Authority.  PDW represents and warrants that Dana Fischer has the authority to act on behalf of PDW.  Employees represent and warrant that each has the capacity to act on her own behalf and on behalf of all who might claim through her to bind them to the terms and conditions of this Agreement.  Each Party warrants and represents that there are no liens or claims of lien or

assignments in law or equity or otherwise of or against any of the claims or causes of action released herein.

11. <u>No Representations</u>.  Employees represent that they have had an opportunity to consult with an attorney and have carefully read and understand the scope and effect of the provisions of this Agreement.  Employees have not relied upon any representations or statements made by PDW that are not specifically set forth in this Agreement.

12. <u>Severability</u>.  In the event that any provision or any portion of any provision hereof or any surviving agreement made a part hereof becomes or is declared by a court of competent jurisdiction or arbitrator to be illegal, unenforceable, or void, this Agreement shall continue in full force and effect without said provision or portion of provision; *provided, however*, that if a court or arbitrator determines the release in Paragraph 3 hereinabove to be void, the Agreement, including, without limitation, PDW's obligations in Paragraph 1 hereinabove, is voidable in PDW's sole discretion.

13. <u>Attorneys' Fees</u>.  In the event that either Party brings an action to enforce its rights under this Agreement, the prevailing Party shall be entitled to recover its costs and expenses, including the costs of mediation, arbitration, litigation, court fees, and reasonable attorneys' fees incurred in connection with such an action.

14. <u>Entire Agreement</u>.  This Agreement represents the entire agreement and understanding between PDW and Employees concerning the subject matter of this Agreement and Employees' employment with and separation from PDW and the events leading thereto and associated therewith, and supersedes and replaces any and all prior agreements and understandings concerning the subject matter of this Agreement and Employees' relationship with PDW.

15. <u>No Oral Modification</u>.  This Agreement may only be amended in a writing signed by each and every Employee and Dana Fischer on behalf of PDW.

16. <u>Governing Law</u>.  This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Arizona without giving effect to the conflicts of law principles thereof.

17. <u>Effective Date</u>.  This Agreement will become effective on the date on which the Court enters an Order in the form attached hereto as Exhibit A, or substantially similar thereto (the "<u>Effective Date</u>").

18. <u>Counterparts</u>.  This Agreement may be executed in counterparts and by facsimile, and each counterpart and facsimile shall have the same force and effect as an original and shall constitute an effective, binding agreement on the part of each of the undersigned.

19. <u>Voluntary Execution of Agreement</u>.  Employees understand and agree that they have executed this Agreement voluntarily, without any duress or undue influence on the part or behalf of PDW or any third party, with the full intent of releasing all of their individual and collective claims against PDW and any of the other Releasees.  Employees acknowledge that:

    (a) They have each read this Agreement;

Attn: Laura Lawless-Robinson

(d) They are fully aware of the legal and binding effect of this Agreement.

IN WITNESS WHEREOF, the Parties have executed this Agreement on the respective dates set forth below.

Dated: 5/9/2019 , 2019

MELISSA RANDALL
*[signature]*

KRISTINA WENZLER

Dated: _____, 2019

_____

DANA FISCHER
*[signature]*

Dated: 5-16-19 , 2019

ANTON FISCHER
*[signature]*

Dated: 5-16-19 , 2019

PDW PRODUCTIONS, LLC, an Arizona limited liability company
*[signature]*
By: Dana Fischer
Managing Member

Dated: 5-16-19 , 2019

SOOPER HOOPER'S, LLC, an Arizona limited liability company
*[signature]*
By: Dana Fischer
Managing Member

Dated: 5-16-19 , 2019

Envelope ID: E0553A80-F61B-4A62-8981-B9593753A3F8

    (d)    They are fully aware of the legal and binding effect of this Agreement.

IN WITNESS WHEREOF, the Parties have executed this Agreement on the respective dates set forth below.

Dated: _____, 2019

MELISSA RANDALL

_____

Dated: 5/10/2019 , 2019

KRISTINA WENZLER
DocuSigned by:
[signature]
F8D866C42609447...

_____

Dated: 5-16-19 , 2019

DANA FISCHER
[signature]

_____

Dated: 5-16-19 , 2019

ANTON FISCHER
[signature]

_____

PDW PRODUCTIONS, LLC, an Arizona limited liability company

Dated: 5-16-19 , 2019

[signature]
By: Dana Fischer
Managing Member

SOOPER HOOPER'S, LLC, an Arizona limited liability company

Dated: 5-16-19 , 2019

[signature]
By: Dana Fischer
Managing Member

# EXHIBIT A

# [Follows On Next Page]